UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-94-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FLORENCIO LEBRON, a/k/a POPO, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Florencio Lebron's motion to dismiss the indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure. [Record No. 156] The relevant portion of Rule 12 provides that a motion alleging a jurisdictional defect in the indictment or information need not be raised before trial but may be raised at any time *while the case is pending*. (Emphasis added.) *See* Rule 12(b)(3)(B), Fed. R. Crim. P. Here, however, because there is no "pending action" under the Federal Rules of Criminal Procedure, the defendant's motion will be denied.

Lebron and several other defendants were indicted on December 22, 2005, and charged with drug trafficking crimes. Count 1 of the indictment alleged that:

> On or about August 15, 2005, and continuing through on or about December 9, 2005, in Perry County, in the Eastern District of Kentucky, and elsewhere, **FLORENCIO LEBRON, aka POPO, ELLIS ROSADO, JR., aka JUNIOR, OSCAR S. COMBS, aka STEVE COMBS, and LUIS HUERTA, aka JAMES, aka LUTA,** did conspire together and with others to knowingly and intentionally distribute and possess with intent to distribute fifty grams or more of a mixture or substance containing a detectible amount of cocaine base (crack

cocaine), a Schedule II controlled substance, violations of 21 U.S.C. § 841(a)(1),
all in violation of 21 U.S.C. § 846.

[Record No. 10] Under Section 841(a)(1), it is unlawful for any person "knowingly or intentionally" to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance. 21 U.S.C. § 841(a)(1). Thus, the indictment in this case properly charged Lebron and his co-defendants with the necessary elements of violating this statutory section.

On May 15, 2006, Lebron was re-arraigned for the purpose of entering a guilty plea to Count 1. The Plea Agreement tendered on that date contained a factual statement which provided as follows:

> Beginning on or about August 15, 2005, continuing through December 09, 2005, the defendant conspired with Ellis Rosado, aka Junior, Oscar S. Combs, aka Steve Combs, and Luis Huerta, aka James, aka Luta, and others, to knowingly and intentionally distribute and to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectible amount of cocaine base. During the course of the conspiracy, approximately 310 grams of a mixture or substance containing a detectible amount of cocaine base was seized by law enforcement. The defendant admits that he is responsible for distributing or possessing with intent to distribute between 150 and 500 grams of cocaine base, and that this amount was foreseeable to him as a member of the conspiracy. During the course of this conspiracy, the defendant admits that he possessed a firearm. The conspiracy occurred in Hazard, KY, in the Eastern District of Kentucky.

[Record No. 116]

On September 18, 2006, Lebron was sentenced to a term of 242 months' imprisonment, to be followed by five years of supervised release. [Record No. 125] Lebron did not appeal his sentence. However, the Court later reduced his total term of incarceration to 194 months

pursuant to 18 U.S.C. § 3582(c)(2). The order reducing Lebron's sentence was entered March 5, 2008. [Record No. 144] Again, Lebron did not seek to appeal the Court's determination.[1]

Over three years after the Court's reduction of Lebron's sentence pursuant to the retroactive amendments to the crack cocaine guidelines, Lebron filed a pleading captioned "Motion to Dismiss Indictment for Lack of Subject Matter Jurisdiction, Indictment Essential Element Defective, Multiplicity and Double Jeopardy, e.t.c." [Record No. 156] In relevant part, Lebron asserts in this motion that the indictment fails to charge each and every essential element of the crime charged in Count 1. More specifically, Lebron contends that under Count 1, the United States must allege in the indictment that his actions were "willful." Further, according to Lebron, because the claimed defect is jurisdictional, it is not waived as a result of his guilty plea.

The United States argues in its response that Lebron's motion is untimely and must be dismissed. Further, it asserts that, even if the Court were to construe the motion as one to vacate, set aside or correct Lebron's sentence, the motion should be denied as time-barred by the one-year statute of limitations applicable to motions filed pursuant to 28 U.S.C. § 2255. [Record No. 158] Having reviewed the authorities cited by the parties, the Court concludes that the United States position is well-taken.

As several courts have indicated, Federal Rule of Criminal Procedure 12(b)(3)(B) requires a motion to dismiss challenging the Court's jurisdiction be filed while the proceeding

---

[1] On March 10, 2008, the Clerk of the Court filed a pro se motion captioned "Petition for the Reduction of Sentence in Pursuant to Title 18 Section 3582(c)(2). The Certificate of Service attached to the pleading indicated that it was mailed by Lebron on March 3, 2008. [Record No. 146] The petition was denied as moot on March 11, 2008. [Record No. 147]

is pending. *Williams v. United States*, 2010 U.S. App. LEXIS 12832, at \*\*7 (11th Cir. 2010) ("Rule 12(b)(3)(B) does not allow a jurisdictional challenge at the habeas stage because the case is no longer "pending" within the meaning of that rule once direct appeals ave ended."); *United States v. Wolff*, 241 F.3d 1055 (8th Cir. 2001) (affirming denial of a post-judgment challenge to the indictment because "after final judgment was entered and [the defendant] did not file a direct appeal, the proceedings were no longer pending"); *United States v. Jackson*, 2002 U.S. App. LEXIS 26807 (8th Cir. 2002); *United States v. Figueroa-Ocampo*, 138 Fed. Appx. 988, 989 (9th Cir. 2005); *United States v. Valadez-Camarena*, 402 F.3d 1259 (10th Cir. 2005) (concluding that the defendant's post-judgment attack on the indictment was untimely under Rule 12(b)(3)(B), Fed. R. Crim. P., and should not be construed as a motion for relief under 28 U.S.C. § 2255 for prudential reasons); *United States v. Preciado-Quinonez*, 53 Fed. Appx. 6, 7 (10th Cir. 2002) (motion to dismiss indictment must be filed before entry of final judgment); *Barreto-Barreto v. United States,* 551 F.3d 95, 100 (1st Cir. 2008); *United States v. Moore*, 2010 U.S. Dist. LEXIS 34520 (E.D. Tx. 2010) (following entry of final judgment, if no direct appeal is filed a case is no longer pending and Rule 12(b)(3)(B) cannot be invoked to challenge jurisdiction);

As the United States Court of Appeals for the Eleventh Circuit noted in *Williams*, when the defendant is in custody and is attempting to collaterally attack his federal sentence, § 2255 is the proper vehicle for that attack and Rule 12(b)(3)(B) cannot be used to circumvent its procedural requirements. *Williams v. United States, supra*, at \*\*6. Here, Lebron is not seeking relief under 28 U.S.C. § 2255. However, even if he attempted that route, he would be barred by the one-year statute of limitations applicable to such claims. *See* 28 U.S.C. § 2255(f).

Based on the foregoing authorities, it is hereby **ORDERED** that Defendant Florencio Lebron's motion to dismiss the indictment [Record No. 156] is **DENIED**.

This 22nd day of August, 2011.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge