UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 05-94-DCR |
| V. | ) ) | |
| FLORENCIO LEBRON, | ) ) | **MEMORANDUM ORDER AND NOTICE** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of *pro se* Defendant Florencio Lebron's motion for appointment of counsel. Lebron seeks counsel in connection with a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The defendant seeks this reduction based upon the recently-enacted amendments to the United States Sentencing Guidelines applicable to crack cocaine convictions. However, the Court has determined that a further reduction of Defendant Lebron's sentence is not warranted and counsel need not be appointed.

Defendant Lebron is a drug trafficker. On December 22, 2005, Lebron and several other defendants were charged with, *inter alia*, conspiring to knowingly and intentionally distribute, and possessing with intent to distribute, fifty grams or more of a substance containing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and money laundering in violation of 18 U.S.C. § 1956. In addition to individual drug distribution counts, Lebron and his co-defendants were charged in Count 20 of the Indictment with traveling from Illinois to Kentucky in an attempt to acquire firearms in violation of 18 U.S.C. § 924(g)(1). [Record No. 10]

On May 15, 2006, Lebron entered a guilty plea to Count 1 of the indictment charging a violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 80] This defendant's accompanying Plea Agreement outlined his criminal conduct. Paragraph 3 of that agreement provides:

> Beginning on or about August 15, 2005, continuing through December 09, 2005, the defendant conspired with Ellis Rosado, aka Junior, Oscar S. Combs, aka Steve Combs, and Luis Huerta, aka James, aka Luta, and others to knowingly and intentionally distribute and to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base. During the course of the conspiracy, approximately 310 grams of a mixture or substance containing a detectable amount of cocaine base was seized by law enforcement. The defendant admits that he is responsible for distributing or possessing with intent to distribute between 150 and 500 grams of cocaine base, and that this amount was foreseeable to him as a member of the conspiracy. During the course of the conspiracy, the defendant admits that he possessed a firearm. The conspiracy occurred in Hazard, KY, in the Eastern District of Kentucky.

[Record No. 116]

Defendant Lebron was sentenced on September 18, 2006, to a term of incarceration of 242 months, to be followed by a term of supervised release of five years. [Record No. 125] At the time of his original sentencing, Lebron's guideline range for imprisonment was 210 to 262 months. However, as the Court explained during the sentencing hearing, all relevant factors under 18 U.S.C. § 3553 were also considered in arriving at an appropriate term of incarceration.

The United States Sentencing Guidelines relating to crack cocaine offenses were amended and given retroactive application in 2008. The effect of these earlier amendments was to lower the guideline range based on certain drug quantities. With respect to Defendant Lebron, the Court recalculated his guideline range following the 2008 amendments which resulted in a reduction of his Total Offense Level from 35 to 33. Based on a Criminal History score of III, Rosado's guideline range was reduced to 168 to 210 months of imprisonment. And after

considering all relevant information – including but not limited to Rosado's new guideline calculation – the Court reduced his term of imprisonment from 242 months to 194 months. [Record No. 144]

Once again, the United States Sentencing Commission has revised the guidelines applicable to Rosado's conviction. And as of November 1, 2011, the newly-calculated guideline range may be applied retroactively. Based on the drug quantity attributed to him, the defendant's newly-calculated guideline range would be reduced to 135 to 168 months, based on a reduced Total Offense Level of 31. As a result, the question presented is whether a further reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. Considering all relevant factors, the undersigned believes that a further reduction would be wholly inappropriate.

The undersigned concludes that a further reduction of the sentence would unduly diminish the serious nature of Lebron's offense of conviction: a conspiracy to distribute, and possess with intent to distribute, a substantial quantity of crack cocaine. Additionally, the Court considers the defendant's criminal history which reflects the defendant's likelihood of recidivism and the danger he presents to the public. Review of the criminal history section of Lebron's PSR reveals a juvenile conviction for selling cocaine to an undercover police officer when the defendant was seventeen years old. [*See* PSR, ¶¶ 134.] Additionally, Lebron has adult convictions for the unlawful use of a weapon and armed robbery. [*See* PSR, ¶¶ 136, 137] Lebron committed his underlying federal offense within two years from being released from prison following his armed robbery conviction. In short, Lebron has demonstrated a consistent

pattern of criminal conduct since a very early age. The likelihood that he will re-offend when released is substantial. Here, neither deterrence nor respect for the law will be promoted by a reduced sentence.

In evaluating the present motion, this Court must seriously consider all relevant statutory factors and independently determine whether a reduced sentence would be "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." These factors include the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from future crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner;

18 U.S.C. § 3553(a)(2). Considering all relevant information, the undersigned concludes that a further reduction of Defendant Lebron's sentence would not meet any of these statutory goals. His present sentence correctly reflects the seriousness of Lebron's offense. A further reduction would not provide a just punishment for the defendant. And more importantly, it would not provide proper or sufficient deterrence to this defendant. The United States Sentencing Guidelines are not binding. Here, the reduction in the guideline range is outweighed by the statutory factors outlined and discussed above. Accordingly, it is hereby

**ORDERED** that Defendant Lebron's motion for appointment of counsel [Record No. 170] is **DENIED**. Further, the parties to this action are placed on **NOTICE** that the Court does not intend to further reduce Defendant Lebron's sentence pursuant to 18 U.S.C. § 3582(c)(2).

This 9th day of November, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge