UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-94-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FLORENCIO LEBRON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of *pro se* Defendant Florencio Lebron's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 182] However, in light of the facts of this case, the Court determines that a reduction of Lebron's sentence is not warranted.

Defendant Lebron is a drug trafficker. On December 22, 2005, he and several other defendants were charged with, *inter alia*, conspiring to knowingly and intentionally distribute and possessing with intent to distribute fifty grams or more of a substance containing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and money laundering in violation of 18 U.S.C. § 1956. In addition to individual drug distribution counts, Lebron and his co-defendants also were charged with traveling from Illinois to Kentucky in an attempt to acquire firearms in violation of 18 U.S.C. § 924(g)(1). [Record No. 10]

On May 15, 2006, Lebron entered a guilty plea to Count 1 of the indictment charging a violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 80] The accompanying Plea

Agreement outlined his criminal conduct. In pertinent part, paragraph 3 of that agreement provides:

> Beginning on or about August 15, 2005, continuing through December 09, 2005, the defendant conspired with Ellis Rosado, aka Junior, Oscar S. Combs, aka Steve Combs, and Luis Huerta, aka James, aka Luta, and others to knowingly and intentionally distribute and to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base. During the course of the conspiracy, approximately 310 grams of a mixture or substance containing a detectable amount of cocaine base was seized by law enforcement. The defendant admits that he is responsible for distributing or possessing with intent to distribute between 150-500 grams of cocaine base, and that this amount was foreseeable to him as a member of the conspiracy. During the course of the conspiracy, the defendant admits that he possessed a firearm. The conspiracy occurred in Hazard, KY, in the Eastern District of Kentucky.

[Record No. 116]

On September 18, 2006, Lebron was sentenced to 242 months of incarceration to be followed by a five-year term of supervised release. [Record No. 125] At the time of his sentencing, Lebron's guideline range for imprisonment was 210-262 months. However, as the Court explained during the sentencing hearing, all relevant factors under 18 U.S.C. § 3553 were also considered in arriving at an appropriate term of incarceration.

The United States Sentencing Guidelines relating to crack cocaine offenses were amended and given retroactive application in 2008. These amendments lowered the guideline range based on certain drug quantities. Following these amendments, the Court recalculated Defendant Lebron's guideline range, resulting in a reduction of his Total Offense Level from 35 to 33. Based on a Criminal History score of III, Lebron's new guideline range was 168 to 210 months of imprisonment. The Court reduced Lebron's term of imprisonment from 242 months to 194 months. [Record No. 144] Again, in 2011, the United States Sentencing Commission revised the guidelines applicable to Lebron's

conviction, resulting in a decrease of his Total Offense Level to 31. However, weighing all the factors, the Court declined to further reduce Lebron's sentence and denied the defendant's subsequent motion for reconsideration. [Record Nos. 171, 174] In reaching this decision, this Court considered the seriousness of the offense and its consequences, the need to promote respect for the law, the length and seriousness of Lebron's criminal history, and the likelihood of recidivism. The Court specifically considered and rejected a sentence within the guideline range of 135 to 168 months, finding that such a reduction would be wholly inappropriate. [Record No. 171, p. 3]

Now, Lebron argues that his sentence should be reduced based on the United States Sentencing Commission's latest reduction to the drug tables contained in the United States Sentencing Guidelines. The reduction became effective on November 1, 2014. Thus, the question presented by the current motion is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553.

A reduction of the current sentence would unduly diminish the serious nature of Lebron's offense: crack cocaine trafficking. In evaluating the present motion, this Court considers all relevant statutory factors and independently determine whether a reduced sentence would be "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." These factors include the need for the sentence imposed to:

> (A) reflect the seriousness of the offense, promote respect for the law, and provide a just punishment for the offense;
>
> (B) afford adequate deterrence to criminal conduct;

(C) protect the public from future crimes of the defendant; and

(D) provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner.

*See* 18 U.S.C. § 3553(a)(2). The Court has previously found that a reduced sentence would not meet these goals. [Record No. 171] Nothing in the record compels a different finding.

Lebron pled guilty to a serious crack cocaine offense. [Record No. 80] Anything less than the current 194-month sentence would unduly diminish the seriousness of the offense, would not provide sufficient general or specific deterrence, and would not provide proper punishment to Defendant Lebron. Finally, the Court notes that the United States Sentencing Guidelines are not binding. While the costs to incarcerate Lebron are substantial, those costs are not factors to consider under 18 U.S.C. § 3553. Further, those costs do not overcome the relevant considerations outlined above. Accordingly, it is hereby

**ORDERED** that Defendant Lebron's motion for a reduction of his sentence [Record No. 182] is **DENIED**.

This 7th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge